CLAY, Circuit Judge,
concurring.
I concur in the majority opinion’s conclusion that we should affirm the district court’s denial of Elizondo’s habeas petition. I agree with my colleagues that Elizondo has failed to show that the state court’s resolution of his judicial bias claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]” 28 U.S.C. § 2254(d). However, I write to clarify how my thinking diverges a bit from that of my colleagues.
Specifically, the majority states that “because no United States Supreme Court holding supports Petitioner’s claim of judicial bias flowing from a judge’s interrogation of a criminal defendant at trial, the state court proceeding did not result in a decision that was contrary to clearly established law.” This language could be read to imply that no matter how egregious a judge’s intervention into the trial proceedings, or disruptive of the trial proceedings, a defendant would not be able to make out a claim of judicial bias. Contrary to the aforesaid statement contained in the majority opinion, this Court previously interpreted the Supreme Court’s decision in Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) to hold that a judge’s repeated interruption and cross-examination of witnesses could amount to a cognizable claim of judicial bias when circumstances appear “so ex *563 treme as to display clear inability to render fair judgment.” Lyell v. Renico, 470 F.3d 1177, 1186 (6th Cir. 2006); see also Alley v. Bell, 307 F.3d 380, 386 (6th Cir. 2002) (looking to the Supreme Court’s decision in Liteky for the standard for deciding judicial bias claims); Allen v. Hawley, 74 Fed.Appx. 457, 460 (6th Cir. 2003) (Clay, J., dissenting).
Admittedly, claims of judicial bias present defendants with a difficult standard to meet. And the facts of this case indicate that Elizondo has failed to demonstrate that the trial judge’s interventions amounted to a constitutional violation. However, in light of the Supreme Court’s holding in Liteky v. United States, supra, rather than assert that the state court proceedings failed to result in a decision that was contrary to clearly established law, I would simply emphasize that the trial court’s application of clearly established law was not unreasonable, based on the particular facts of this case, and would affirm on that basis.